152 A.3d 179

IN THE MATTER OF FRANK A. VITERITTO, AN ATTORNEY
AT LAW (ATTORNEY NO. 019421975)

January 6, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–069 and DRB 15–321, concluding on the

records certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent) that **FRANK A. VITERITTO** of **IRVINGTON**, who was admitted to the bar of this State in 1975, and who has been temporarily suspended from practice since May 23, 2012, should be suspended from the practice of law for a period of one year for unethical conduct charged in three formal complaints for his multiple violations of *RPC* 1.5(b)(failure to set forth in writing the basis or rate of a fee), *RPC* 3.3(a)(1)(false statement of fact to a tribunal), *RPC* 5.5(a)(practicing law while suspended), *Rule* 1:20–20(b)(1), (3), (4) and (6) (rules governing suspended attorneys), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities) and *Rule* 1:20–3(g)(3), *RPC* 8.4(a) (violating or attempting to violate the *RPCs* ), *RPC* 8.4(b)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And respondent having failed to appear on the Order to Show Cause issued in this matter, and the Court having held in *In re Kivler*, 193 *N.J.* 332, 939 *A.*2d 216 (2008) that a respondent's unexcused failure to comply with an Order to Show Cause may be a basis for enhanced discipline;

And the Court having determined from its review of the matter that a two-year suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **FRANK A. VITERITO** is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that **FRANK A. VITERITTO** remain suspended from the practice of law pursuant to the Order of the Court filed April 24, 2012 (D–103–11; 070549) and pending his compliance with the fee arbitration determination entered in District Docket No. VB–2010–0022F and his payment of the sanction in the

amount of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.